UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP SMITH,

        Plaintiff,

v.

        Case No. 4:04-cv-57

        HON. DAVID W. McKEAGUE

RANDY MIKKELSON,

        Defendant.

_____/

**OPINION APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the report and recommendation filed by the United States Magistrate Judge in this action. The report and recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636 (b)(1), the Court has undertaken *de novo* consideration of those portions of the report and recommendation to which objection has been made. The Court now finds the objections to be without merit.

**I**

Plaintiff Phillip Smith, a prisoner in the custody of the Michigan Department of Corrections, claims that his Eighth Amendment rights were violated when he was unreasonably subjected to environmental tobacco smoke (ETS) from his cellmate. Proceeding under 42 U.S.C. § 1983, plaintiff claims that ETS exposure aggravated his respiratory condition and that defendant Randy Mikkelson, Assistant Resident Unit Supervisor, acted with deliberate indifference to plaintiff's serious medical needs. Defendant has moved for summary judgment and the magistrate judge recommends the motion be granted. Plaintiff objects.

The magistrate judge concluded that there is no genuine issue of material fact because plaintiff has failed to adduce evidence substantiating several essential elements of his claim. On the present record, the magistrate judge determined that plaintiff presented no medical evidence establishing a sufficiently serious medical condition; that defendant did not ignore all of plaintiff's requests for cellmate transfers; that the non-smoking policy was enforced at the Muskegon Correctional Facility; that plaintiff failed to exhaust available procedures to find a new cellmate; and that defendant is entitled to qualified immunity. Thus, the magistrate judge determined that defendant is entitled to judgment as a matter of law.

Plaintiff objects, contending that defendant was on notice that plaintiff has a serious medical condition. He insists that both of his room transfer requests were attempts to avoid ETS and were not due to simple cellmate disagreements, and that defendant knew this. Plaintiff objects to reliance on his failure to present medical evidence because the Court denied his request to compel disclosure of his prison medical records. Plaintiff maintains that defendant did not enforce the non-smoking policy. Finally, he avers that defendant did not adequately respond to plaintiff's requests because he only permitted one cellmate transfer and then placed the burden on plaintiff to identify a suitable cellmate.

## II

The Eighth Amendment forbids prison officials from inflicting pain on a prisoner by acting with deliberate indifference to the prisoner's serious medical needs. *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). To satisfy the objective component, a prisoner must show that his medical needs are sufficiently serious. *Hunt*

*v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* Additionally, the prisoner must demonstrate that the risk of harm from exposure to ETS is one which society deems "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36. In *Hunt,* the Sixth Circuit held that forcing a non-smoking prisoner with a serious medical need to share a cell with a prisoner who smokes violates the objective component of the Eighth Amendment. 974 F.2d at 736.

To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Helling*, 590 U.S. at 32. That is, the plaintiff must show that the defendant knew of the plaintiff's medical condition, knew that the plaintiff's exposure to ETS posed a substantial risk of potential harm, and acted in conscious disregard of this risk.

**A. Objective Component**

Plaintiff suffers from sleep apnea, which is characterized by frequent interruptions of breathing during sleep when the soft tissue in the back of the throat collapses and closes the airway. A Continuous Positive Airway Pressure (CPAP) machine has been prescribed for plaintiff's use during sleep. However, his use of the CPAP machine does not necessarily evidence a serious medical condition. The CPAP machine merely assists him in inhaling a normal amount of room air with the use of air pressure; it serves no air-purifying function.

Sixth Circuit authorities suggest that a medical condition must be more serious than sleep apnea to satisfy the objective component of a deliberate indifference claim based on exposure to ETS. Asthma, allergy to smoke and bronchitis have all been deemed sufficiently serious respiratory conditions. *Reilly v. Grayson*, 310 F. 3d 519 (6th Cir. 2002); *Talal*, 403 F. 3d at 423; and *Palacio*

*v. Hofbauer*, 106 Fed. Appx. 1002 (6th Cir. 2004). This Court's review of the case law has failed to disclose a single Sixth Circuit case recognizing sleep apnea as posing a serious medical condition.[1]

In *Henderson v. Martin,* 73 Fed. Appx. 115 (6th Cir. 2003), the Sixth Circuit held that to satisfy the objective component, the harm caused by exposure to ETS must go beyond mere discomfort or inconvenience. In *Henderson*, the plaintiff complained of headaches, problems breathing, burning of the inner nose, coughing and other cold-like symptoms that were allegedly caused by ETS exposure. He was also given a steroid inhaler to relieve respiratory problems on one of his 12 trips to the doctor. Even so, there was no evidence that any physician ever diagnosed the plaintiff with a medical condition or ordered that he be placed in a smoke-free environment. The *Henderson* court held that the plaintiff did not suffer from a sufficiently serious medical condition. *Id.* at 116.

Here, plaintiff's sleep apnea has not been shown to be a sufficiently serious medical condition because there is no evidence that exposure to ETS has resulted in symptoms or effects beyond mere discomfort. Plaintiff contends his efforts to adduce medical evidence have been

---

[1] Sleep apnea has been found in some cases to be a serious and potentially life threatening disorder under certain circumstances. In *Meloy v. Schuetzle*, 230 F.3d 1363 (8th Cir. 2000), a prison nurse and clinical director deprived a prisoner of his CPAP machine. Both were aware of the fact that, prior to his incarceration, the prisoner was medically diagnosed with sleep apnea and was given a prescription of lifetime CPAP use. During the period of deprivation, the prisoner experienced breathing difficulties so severe that other prison staff were alarmed and attempted, without success, to get medical relief for the prisoner. Eventually, the prisoner's condition resulted in chest pains so severe that he was sent to the prison infirmary and referred to a cardiologist who ordered the CPAP machine be restored to alleviate his painful symptoms. The Eighth Circuit ruled that a reasonable jury could find that the prison nurse and clinical director were deliberately indifferent to a serious medical need of the prisoner. The present case is distinguishable from *Meloy* in that plaintiff's symptoms are not nearly as severe as those suffered by Meloy and because plaintiff was not denied any medical treatment.

Similarly, in *Dawkins v. Jones*, 2005 WL 196537 (S.D.N.Y. 2005), the court recognized that sleep apnea was a potentially serious medical need for which the prisoner was given significant medical attention. However, the court held that, in light of this attention, any failure to act in a timely manner in regard to his sleep disorder was not deliberate indifference. Here, too, plaintiff's medical treatment for sleep apnea was neither denied nor delayed. Although plaintiff complains that his second cellmate transfer request was effectively denied, he has not demonstrated that such an accommodation was medically prescribed.

unfairly frustrated by denial of his motion to compel disclosure of his prison medical records.[2] Since filing this action, plaintiff contends he had to be taken to the hospital twice after experiencing a black-out, difficulty breathing, dizziness, and tightness in his chest. Plaintiff also contends that, four months after filing his claim, the air pressure adjustment of his CPAP machine was raised from 7 pounds to 15 pounds due to exposure to ETS. If plaintiff is believed, the *potential* evidence of the risk posed by exposure to ETS would appear to be more substantial than that found to be insufficient in *Henderson*. However, plaintiff does not even allege that a physician ordered he be placed in a smoke-free environment.[3]

If discovery had been accomplished and yielded evidence consistent with plaintiff's allegations, it could conceivably support a finding that, at some point after the filing of his complaint, plaintiff's sleep apnea condition was such as, in the event of exposure to ETS, might properly be characterized as a serious medical condition. Though defendant ostensibly has access to the medical records, he has neither produced them nor disputed plaintiff's characterization of them. Viewing the potential record in the light most favorable to plaintiff, the Court thus concludes that, with respect to the objective component, a genuine issue of material fact is presented.

**B. Subjective Component**

Plaintiff also objects to the magistrate judge's determination that defendant was not on notice

---

[2] The magistrate judge, on October 4, 2004, denied plaintiff's motion to compel discovery only because he had not complied with Fed. R. Civ. R. 26 by first requesting discovery of defendant. Whether plaintiff has since made an appropriate request for the records is unclear from the record.

[3] Granted, the warnings that accompany the CPAP machine advise against smoking while using supplemental oxygen with the machine. This cannot be reasonably construed as evidence that exposure to ETS is contraindicated for someone who uses the CPAP machine. Rather, the no smoking recommendation reflects recognition that the presence of an open flame in close proximity to the CPAP machine, when pumping pure oxygen, could pose a fire hazard. The warning appears to be an attempt to prevent fire rather than lung irritation. Moreover, it appears plaintiff did not use supplemental oxygen, rendering the warning inapplicable in any event.

5

that plaintiff had a sufficiently serious medical condition. To satisfy the subjective component of an Eighth Amendment claim, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to his serious medical needs. *Helling*, 509 U.S. at 36.

Assuming *arguendo* that plaintiff's medical records, once disclosed, substantiate the existence of a serious medical condition, defendant still could not be deemed to have been deliberately indifferent because the medical examination reports plaintiff purportedly relies upon originated after the date of defendant's alleged deliberate indifference. This action was commenced in April of 2004, but the reported medical examinations took place on May 24, 2004, June 25, 2004 and August 27, 2004. Plaintiff has not identified any other potential evidence of his medical condition prior to April of 2004. Hence, the cited medical reports can offer no evidence of defendant's state of mind at the time of the alleged deliberate indifference.

Plaintiff also objects to the magistrate judge's reliance on evidence that the facility's non-smoking policy was adequately enforced. The Sixth Circuit has declined to find a claim for deliberate indifference made out based solely on evidence that a non-smoking policy is not perfectly enforced. Imperfect enforcement is negligence, not deliberate indifference. *Henderson*, 73 Fed. Appx. at 119. In *Wilson v. Hofbauer,* 113 Fed. Appx. 651 (6th Cir. 2004), the court held that deliberate indifference was not made out where the prison had a smoke-free policy and there was no proof of an incident of smoking that the defendant was aware of but did not punish. *Id.* However, in *Talal,* the court found deliberate indifference was established where corrections officers themselves smoked in the housing units and refused to enforce the policy. *Talal,* 403 F.3d at 427. The court also found deliberate indifference in *Palacio* because the non-smoking policy was not enforced and prison officials simply pointed to the policy itself as proof that there was no deliberate

indifference. *Palacio,* 106 Fed. Appx. at 1005.

Here, there is evidence that corrections officials made a good faith effort to enforce the smoke-free policy. This evidence is refuted by plaintiff through affidavits of other prisoners. Yet this is insufficient to create a genuine issue of material fact. Plaintiff must demonstrate a knowing indifference to a serious medical condition in order to satisfy the subjective component of his claim. If defendant were aware of plaintiff's serious medical condition, evidence of his constructive knowledge of the inadequacy of the no-smoking policy would be probative of his deliberate indifference. However, as seen above, even if plaintiff's condition were deemed to be sufficiently serious, there is no evidence to substantiate a finding that defendant knew this prior to the complained of failure to grant a second cellmate transfer request.

Plaintiff objects to the magistrate judge's reliance on defendant's contention that plaintiff's first cellmate transfer request was made out of fear of a physical confrontation with his cellmate. The Court assumes, for present purposes, that plaintiff's first cellmate transfer request was made due to his cellmate's smoking habits. The Court further assumes that after this request was granted, plaintiff was still dissatisfied and claimed that the second cellmate was a smoker as well. Still, even if defendant is presumed to have known plaintiff preferred to be housed with a non-smoker, this would not evidence defendant's knowledge that exposure to ETS posed a serious health hazard to plaintiff. Moreover, it is undisputed that defendant was responsible for 160 inmates, all of whom were prohibited from smoking in their cells. Defendant cannot reasonably be charged with knowledge, actual or constructive, of each individual inmate's propensity to violate the no-smoking rule. Under these circumstances, defendant's failure to grant plaintiff's second cellmate transfer request does not necessarily demonstrate deliberate indifference to a serious medical condition.

7

Plaintiff also objects to the determination that he failed to exhaust all administrative remedies available to him. Plaintiff claims he was never given the room transfer slip needed to seek an alternate cellmate on his own and apply for a transfer. Whether defendant actually handed plaintiff a room transfer slip or not, it is undisputed that plaintiff had the option to find a non-smoking cellmate on his own and request a transfer. For reasons that remain unclear on the present record, plaintiff did not utilize this option. Plaintiff contends that it would violate other prisoners' privacy rights to ask them whether they smoke. Yet, plaintiff's claim that defendant was deliberately indifferent rings hollow where he undisputedly failed to take advantage of an available remedy. In *Moorer v. Price*, 83 Fed. Appx. 770 (6th Cir. 2003), the court held there was no deliberate indifference where the prisoner plaintiff was twice granted transfers but failed to further exhaust administrative remedies available to him. Here, similarly, plaintiff was granted one transfer but then failed to exhaust the available remedy of identifying a non-smoking cellmate of his choosing prior to filing this action.[4]

As to the subjective component of his Eighth Amendment claim, plaintiff has thus failed to establish the existence of a genuine issue of material fact.

### III

Finally, plaintiff also objects to the conclusion that defendant is entitled to qualified immunity. Government officials, performing discretionary functions, are generally shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457

---

[4] Moreover, in his objections to the magistrate judge's report and recommendation, plaintiff implies that he is no longer being exposed to ETS. He submits that, after filing a grievance against the defendant, defendant "done nothing to correct the problem for 60 days."

8

U.S. 800, 818 (1982); *Dietrich v. Burrows,* 167 F. 3d 1007, 1012 (6th Cir. 1996). The Court evaluates qualified immunity with a three-part inquiry. *Feathers v. Aey,* 319 F.3d 843, 848 (6th Cir. 2003). First, the Court determines whether the facts viewed in the light most favorable to plaintiff show that a constitutional violation has occurred. Second, the Court determines whether the right that was violated was a clearly established right of which a reasonable person would have known. Third, the Court determines whether plaintiff has alleged sufficient facts and supported the allegations with sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights. *Id.* If plaintiff's allegations do not establish a constitutional violation, then it is not necessary for a court to answer the remaining two questions of the qualified immunity test. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

The record in this case fails to establish that defendant violated any clearly established constitutional right of plaintiff. Plaintiff has failed to demonstrate that his sleep apnea condition is so serious as to give rise, upon exposure to ETS, to a serious medical need. Even if plaintiff's condition is deemed to have been sufficiently serious, evidence that defendant knew of the seriousness of plaintiff's condition and acted with deliberate indifference is lacking. The only identified but undisclosed items of medical evidence plaintiff would submit are records of medical examinations that took place after defendant's alleged wrongdoing, and plaintiff has not presented any evidence of a medical order that required plaintiff to avoid ETS. Therefore, the Court overrules plaintiff's objection and concludes that defendant is entitled to qualified immunity.

Therefore, the report and recommendation of the magistrate judge will be approved and defendant's motion for summary judgment will be granted.

## IV

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915 (a)(3). *See McGore v. Wrigglesworth,* 144 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court grants defendant's motion for summary judgment, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-611, unless plaintiff is barred from proceeding *in forma pauperis,* e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A judgment order consistent with this opinion shall issue forthwith.


Dated: June 9, 2005                                     /s/   David W. McKeague
                                                        DAVID W. McKEAGUE
                                                        UNITED STATES DISTRICT JUDGE